# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6056 | **DATE** | 12/14/2010 |
| **CASE TITLE** | Smith vs. Vericrest Financial et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [32] is granted. Civil case terminated.

■ [ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Plaintiff Marshall Smith filed a *pro se* complaint on September 29, 2009, alleging violations of the Fair Debt Collection Practices Act, the Truth in Lending Act, the Illinois Human Rights Act, and the Fair Housing Act by defendants Vericrest Financial and CIT Group/Consumer Finance, Inc. (Doc. 1.) Smith sought leave to proceed *in forma pauperis* which was denied. (Docs. 4, 6.) Smith paid the filing fee on October 19, 2009, and the case proceeded. (Doc. 7.)

On January 19, 2010, defendants moved to dismiss Smith's complaint on two grounds. (Doc. 17.) First, defendants contended that dismissal under Federal Rule of Civil Procedure 12(b)(5) is required because service of process was not proper. Smith personally sent the complaint by mail. Second, defendants argued that Smith's complaint failed to state a claim and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Smith never responded to defendants' motion. Instead, on February 26, 2010, Smith filed a motion to file an amended complaint. (Doc. 21.) The court initially denied this motion when Smith failed to appear at the noticed motion hearing (Doc. 23), but Smith filed a motion for reconsideration which the court granted (Docs. 25, 30).

Defendants filed the instant motion to dismiss the amended complaint on April 1, 2010. (Doc. 32.) This motion raises the same issues as the original motion to dismiss. In addition, defendants note that the 120 day time limit for service under Rule 4(m) has long since passed. Smith has failed to respond to defendants' second motion to dismiss. The docket reflects that Smith has not made any filings in this case in the eight months since defendants filed their motion.

"When a defendant challenges the sufficiency of service of process, the plaintiff must make a prima facie showing of proper service by competent proof." *Rosen v. Mystery Method, Inc.*, No. 07 C 5727, 2008 WL 410642, at *2 (N.D. Ill. Feb. 13, 2008). The rules require service by "[a]ny person who is at least 18 years old *and not a party*." Fed. R. Civ. P. 4(c)(2) (emphasis added). And service must be effected upon a corporation by the means prescribed in Rule 4(h). Service by mail is not sufficient, even for a *pro se* plaintiff.

| **STATEMENT** |
|---|
| *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007).
    In this case, Smith has failed to respond and thus made no showing whatsoever that service is proper. Accordingly, Smith's complaint is dismissed without prejudice pursuant to Rule 12(b)(5) and Rule 4(m). |